**ALD-085**                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4016
_____

VERONE JENKINS, JR.,
                                        Appellant

v.

STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-09-cv-06554)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 13, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed: January 24, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Verone Jenkins, Jr., proceeding pro se, appeals an order of the United States

District Court for the District of New Jersey granting the State of New Jersey's motion to

dismiss his complaint.  For the reasons that follow, we will affirm the judgment of the

District Court.

Jenkins filed a complaint and an amended complaint alleging that he is a victim of identity theft as a result of the theft of his wallet. He states that the thieves were extended credit in his name and charged amounts exceeding $10,000. Jenkins states that the crimes occurred during the years 1996 to 1998. He believes the thieves visited his home during this time period, stating that he heard persons boasting about making the credit card charges. Jenkins avers that he contacted New Jersey State government agencies and law enforcement offices immediately after the crimes occurred but the agencies failed to investigate. Jenkins, who is Jewish, further claims that his rights to a proper investigation and fair trial have been violated and that these violations were the result of anti-Semitism. He states that he continues to be held financially responsible for the crimes against him. As relief, Jenkins seeks "to clear his name" of credit card fraud. Am. Comp. at 7.[1]

The State of New Jersey moved to dismiss the complaint on various grounds, including sovereign immunity under the Eleventh Amendment. The District Court agreed that sovereign immunity applied, ruled that it lacked jurisdiction to entertain the complaint, and granted the motion to dismiss. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

The District Court did not err in granting the State of New Jersey's motion to dismiss Jenkins' complaint, as amended, based on sovereign immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). To the extent an argument

---

[1] In his original complaint, Jenkins requested compensation for monetary losses and slander to his character.

2

could be made that the District Court should have afforded Jenkins an opportunity to amend his complaint to raise his claims against defendants other than the State of New Jersey, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), we conclude that leave to amend was not required. Because Jenkins' claims of failure to investigate arise from events occurring over twelve years ago, affording such an opportunity would have been futile. See id.; Montgomery v. De Simone, 159 F.3d 120, 126 n.4 (3d Cir. 1998) (noting New Jersey's two-year limitations period on personal injury actions applies to civil rights claims under 42 U.S.C. § 1983).[2]

Accordingly, because this appeal does not raise a substantial question, the judgment of the District Court is affirmed.[3]

---

[2]We do not read Jenkins' amended complaint as seeking to assert a claim against a credit reporting agency under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.

[3]The District Court did not abuse its discretion in denying Jenkins' motion for appointment of counsel. Jenkins' motion for appointment of counsel on appeal is denied. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).